UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------------------------------------x

JANE DOE,

                                                Plaintiff,

                        -against-
                                                                    Index No.: 1:26-cv-01734-JAV

ICAHN SCHOOL OF MEDICINE AT
MOUNT SINAI

                                                Defendant.

-----------------------------------------------------------------------------------------------------------------x

<u>DECLARATION OF MARTHA ARDEN</u>
<u>IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>

            I, Martha Arden, declare under penalty of perjury that the following is true and correct:

            1.      I am employed by Defendant, Icahn School of Medicine at Mount Sinai ("ISMMS" or the "School"), as the Chair of the Promotions Committee. In that capacity, I preside over Promotions Committee meetings and oversee the Committee's review of medical students who do not meet established academic or professional standards. The Promotions Committee is charged with evaluating student readiness for progression through the phases of the M.D. curriculum and recommending appropriate academic actions in accordance with School policy.

            2.      I am fully familiar with the facts and circumstances relating to Plaintiff's academic performance, remediation history, Promotions Committee reviews, and appeals. As such, I submit this declaration in Opposition to Plaintiff's Motion for a Preliminary Injunction, based upon my personal knowledge and review of business records relevant to this matter.

            3.      ISMMS maintains a Medical Degree ("M.D.") Student Handbook that sets forth academic standards, progression requirements, remediation policies, and procedures

governing Promotions Committee review.  The Handbook describes the role of the Promotions Committee as the institutional body responsible for reviewing students who are not meeting academic standards and for recommending advancement, remediation, alteration of academic timeline, probation, suspension, repetition of a phase, or dismissal, as appropriate.  The Handbook further provides that Promotions Committee decisions are communicated to students verbally at the meeting and subsequently confirmed in writing.  Students may appeal a Promotions Committee decision to the Dean of the School of Medicine on limited grounds, as set forth in the Handbook.

4.    When a student appears before the Promotions Committee, the student is afforded the opportunity to make a statement and present their perspective regarding the academic issues under review.  Following deliberation, the Committee reaches a decision based on all the available information.  If a student appeals a Promotions Committee decision, the Dean's review is limited to determining whether the procedures outlined in the Student Handbook were substantially followed and whether the Committee's decision was reasonable.

5.    In Spring 2025, Plaintiff pursued a grade appeal relating to a failing module grade in Anatomy.  Consistent with School policy, that appeal was reviewed by a grade appeal subcommittee, which operates separately from Promotions Committee progression review.  The appeal was granted in part, and Plaintiff was afforded an additional opportunity to complete remediation in accordance with applicable academic standards.

6.    On December 15, 2025, the Promotions Committee met with Plaintiff following her failure of a Hematology remediation examination, at which time Plaintiff had multiple outstanding remediation requirements across three Phase 1 modules. Plaintiff appeared before the Committee and made a presentation regarding her academic progress and concerns.  A true and correct copy of the correspondence and meeting minutes is attached as **Exhibit A**.

7.    On December 22, 2025, on behalf of the Promotions Committee, I issued a written determination letter placing Plaintiff on Academic Probation.  The letter explained that the decision was based on Plaintiff's consistent academic challenges, including multiple Phase 1 module failures, and outlined the requirements Plaintiff was expected to satisfy by the February 9, 2026 deadline in order to demonstrate academic progress.  A true and correct copy of my December 22, 2025 letter is attached as **Exhibit B**.

8.    On December 23, 2025, Plaintiff appealed the Promotions Committee's Academic Probation decision to Dean Eric Nestler ("Dean Nestler").  A true and correct copy of Plaintiff's appeal is attached as **Exhibit C**.

9.    On January 12, 2026, the Promotions Committee met again with Plaintiff to review her academic progress since the December meeting.  At that time, the Committee considered Plaintiff's remediation outcomes, ongoing requirements, and anticipated timeline.  A true and correct copy of the January 12, 2026 meeting minutes is attached as **Exhibit D**.

10.    On January 14, 2026, on behalf of the Promotions Committee, I issued a written follow-up letter to Plaintiff confirming that she remained on Academic Probation, reiterating the requirement that all Phase 1 remediation be successfully completed by February 9, 2026, and scheduling a follow-up Promotions Committee meeting for that date.  A true and correct copy of my January 14, 2026 letter is attached as **Exhibit E**.

11.    On January 17, 2026, Dean Nestler issued a written decision upholding the Promotions Committee's December 22, 2025 Academic Probation determination.  A true and correct copy of Dean Nestler's January 17, 2026 letter is attached as **Exhibit F**.

12.    On February 4, 2026, I met with Plaintiff in advance of the scheduled February 9 Promotions Committee meeting to review the process and to remind her of the February 9 academic deadline for completion of all Phase 1 remediation requirements.

13.    On February 9, 2026, Plaintiff did not appear for the scheduled Promotions Committee meeting.  The Committee reviewed the written statement Plaintiff submitted in advance, as well as her academic record and remediation outcomes.  A true and correct copy of Plaintiff's written statement and the February 9, 2026 meeting minutes is attached as **Exhibit G**.

14.    On February 12, 2026, on behalf of the Promotions Committee, I issued a written determination letter informing Plaintiff that, because she had not met the requirements for progression to Phase 2, she would be placed on an Administrative Leave of Absence until the start of Phase 1 in August 2026 and would remain on Academic Probation during that period.  A true and correct copy of my February 12, 2026 letter is attached as **Exhibit H**.

15.    That same day, Plaintiff appealed the Promotions Committee's February 12 decision to Dean Nestler.  A true and correct copy of Plaintiff's appeal and related correspondence is attached as **Exhibit I**.

16.    On February 13, 2026, Disability Rights of New York submitted a letter to Dean Nestler in support of Plaintiff's appeal.  A true and correct copy of that letter is attached as **Exhibit J**.

17.    On February 19, 2026, Plaintiff's counsel submitted a letter to Dean Nestler in support of Plaintiff's appeal. A true and correct copy of that letter is attached as **Exhibit K**.

18.    On February 22, 2026, Dean Nestler emailed Plaintiff to request a meeting to discuss her appeal.  A true and correct copy of the February 22, 2026 email correspondence is attached as **Exhibit L**.

19.    On February 26, 2026, Dean Nestler issued a written decision upholding the Promotions Committee's February 12, 2026 determination.  See **Exhibit L** for a true and correct copy of Dean Nestler's February 26, 2026 letter.

I declare, under penalty of perjury that the foregoing is true and correct.  Executed on the 15th day of April 2026 in New York, New York.

_____
MARTHA ARDEN

4932-8419-8816, v. 9

5