**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------------x

**JANE DOE,**

**Plaintiff,**

**-against-**

**No.: 1:26-cv-01734-JAV**

**ICAHN SCHOOL OF MEDICINE AT**
**MOUNT SINAI**

**Defendant.**

-------------------------------------------------------------------------------------x

## DECLARATION OF CHRISTINE LOW IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

I, Christine Low, declare under penalty of perjury that the following is true and correct:

1. I am employed by Defendant, Icahn School of Medicine at Mount Sinai ("ISMMS" or the "School"), as the Director of the Office of Disability Services ("DS"). In that capacity, I oversee DS operations, including student registration and eligibility determinations for academic and housing accommodations; development and implementation of accommodation plans; and review of requests for supplemental or modified accommodations.

2. I am fully familiar with the facts and circumstances relating to Plaintiff's registration with DS, her accommodation requests, and DS's review and determinations regarding those requests. As such, I submit this declaration in Opposition to Plaintiff's Motion for a Preliminary Injunction, based upon my personal knowledge and review of business records relevant to this matter.

3. DS provides a range of accommodations and services to registered students, including testing accommodations (such as extended time, reduced-distraction or reduced-capacity

environments, and approved breaks), classroom accommodations (such as note-taking support or permission to audio record), communication access (such as interpreters or captioned content), campus access accommodations (such as elevator or space access), and referrals to learning specialists.

4.    To receive accommodations, a student must submit an Application for Accommodations and Services, submit documentation of their disability, and meet with staff from DS.  DS reviews the submission to determine eligibility for accommodations and to identify accommodations that are reasonable and do not fundamentally alter academic standards or program requirements.

5.    Upon approval of registration and eligibility, DS issues an accommodation plan.  For testing accommodations, students are instructed on the procedures to notify faculty and to submit exam-specific requests sufficiently in advance so that logistics (e.g., rooms, proctors, timing) may be arranged.

6.    If a student later seeks to modify or add accommodations, DS requires that the student notify them of their desired accommodation request and, where appropriate, to provide updated documentation reflecting changes in diagnosis, functional limitations, or clinical needs. DS then evaluates whether the requested accommodation is reasonable, supported, and consistent with academic standards.

7.    On June 1, 2024, Plaintiff submitted a Disability Services Application for Accommodations and Services Form indicating diagnoses of Attention-Deficit/Hyperactivity Disorder (AD/HD) and focal epilepsy.  Plaintiff requested extended time (150%) on examinations and flexibility with due dates.  A true and correct copy of Plaintiff's form is attached hereto as **Exhibit A**.

8.      On June 10, 2024, DS met with Plaintiff to discuss her registration, accommodation requests, and the procedures for implementing approved accommodations. Following that meeting, DS approved Plaintiff to receive accommodations including note-taking assistance for Phase 1; time-and-a-half on written portions of examinations and quizzes; a reduced-distraction testing environment; and stop-the-clock breaks on shelf, Direct Observation ("DO"), and Objective Structured Clinical Examinations ("OSCE"), with a maximum additional fifteen minutes of standard test time.  DO assessments and OSCEs are standardized clinical evaluations designed to assess students' clinical skills, judgment, and performance during simulated or observed patient encounters.  A true and correct copy of the June 10, 2024 accommodation letter sent to Plaintiff is attached as **Exhibit B**.

9.      On November 1, 2024, Plaintiff's epileptologist submitted a letter to DS recommending extended testing time, breaks during tests, and flexibility with deadlines for schoolwork.  A true and correct copy of this November 1, 2024 letter sent to DS is attached as **Exhibit C**.

10.     On November 19, 2024, after meeting with Plaintiff to discuss her new request, DS approved Plaintiff to receive the accommodation of limited assessment rescheduling in Phase 1.  A true and correct copy of the November 19, 2024 accommodation letter sent to Plaintiff is attached as **Exhibit D**.

11.     On December 20, 2024, after meeting with Plaintiff regarding her request for assignment extensions, DS approved Plaintiff to receive the accommodation of limited assignment extensions.  A true and correct copy of the December 20, 2024 accommodation letter sent to Plaintiff is attached as **Exhibit E**.

12. On January 14, 2025, after meeting with Plaintiff to discuss her request for additional time for the patient-encounter portion of her Practice of Medicine I and Practice of Medicine II OSCE assessments, DS denied that request. DS explained that granting additional time for standardized patient encounters would fundamentally alter the assessment of core clinical competencies, as time spent with the standardized patient is itself a critical competency measured in those courses. A true and correct copy of the January 14, 2025 accommodation letter sent to Plaintiff is attached as **Exhibit F**.

13. On or about March 5, 2025, DS approved Plaintiff's request to receive stop-the-clock breaks on CAS examinations, with a maximum additional fifteen minutes of standard test time. A true and correct copy of the March 5, 2025 accommodation letter sent to Plaintiff is attached as **Exhibit G**.

14. On May 29, 2025, Plaintiff's epileptologist submitted a letter to DS recommending 50% extended test time and additional breaks for the USMLE Step 1 examination. A true and correct copy of this May 29, 2025 letter sent to DS is attached as **Exhibit H**.

15. On August 8, 2025, following Plaintiff's request for a housing accommodation related to medical needs, DS approved Plaintiff to receive a medical single bedroom at the Aron Hall rate. A true and correct copy of the August 8, 2025 accommodation letter sent to Plaintiff is attached as **Exhibit I**.

16. On December 8, 2025, Plaintiff emailed me requesting what she described as an "ADA-aligned remediation structure" for her Hematology remediation and provided consent for me to communicate with the Ombuds Office regarding her request. A true and correct copy of my email correspondence with Plaintiff is attached as **Exhibit J**.

4

17.     On December 15, 2025, I emailed Plaintiff seeking clarification regarding whether she was requesting disability-related accommodations.  I informed Plaintiff that the changes she had described to the remediation structure were not reasonable accommodations and would constitute a fundamental alteration of the curriculum and assessments.  Plaintiff responded that she was not requesting accommodations.  See **Exhibit J**.

18.     On December 23, 2025, Plaintiff emailed me stating that she was not seeking to change the Hematology remediation structure but requested a meeting to discuss whether any adjustments within the existing framework could assist her in completing remediation. See **Exhibit J**.

19.     On January 5, 2025, I responded to Plaintiff's December 23 email and asked that she identify any specific accommodations she was requesting. Plaintiff replied, "I don't really have a request, which is why I am asking for the meeting.  I think a potential accommodation may become clearer in our conversation."  See **Exhibit J**.

20.     On January 6, 2026, Plaintiff and I met to discuss her concerns.  Following that meeting, Plaintiff emailed me identifying what she described as her "formal request to refine [her] remediation plan for the Hematology block."  See **Exhibit J**.

21.     On January 22, 2026, after conducting an individualized review of Plaintiff's requests, DS denied Plaintiff's Hematology remediation accommodation requests.  DS determined that the requested modifications were not necessary to address a disability-related access barrier because Plaintiff already had equal access to the instructional materials, preparatory resources, and assessment opportunities provided to all students, and that granting such structural changes would require modification of essential academic requirements and therefore constitute a

fundamental alteration of the M.D. program.  A true and correct copy of the January 22, 2026 accommodation denial letter sent to Plaintiff is attached as **Exhibit K**.

I declare, under penalty of perjury that the foregoing is true and correct.  Executed on the 15th day of April 2026 in New York, New York.

_____
CHRISTINE LOW

6