# STEWART LEE KARLIN LAW GROUP, P.C.
## ATTORNEYS AT LAW
**111 John Street, 22nd Floor**
**New York, New York 10038**
**(212) 792-9670/Office**
**(844)636-1021/Fax**
**Dan@stewartkarlin.com**

**MEMBER OF THE BAR**
**NEW YORK & NEW JERSEY**

**Concentrating in Employment, Education
and Insurance Law**

**Website:** www.stewartkarlin.com

May 20, 2026

**Via ECF**
Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   **Re: Jan Doe v. Icahn School of Medicine at Mount Sinai**
      **Case No.: 26-cv-01734-JAV**

Dear Judge Vargas:

I represent Plaintiff in the above-referenced matter.  The parties write jointly following the Court's May 18, 2026 Order to meet and confer.  Each party's position with respect to the questions posed in the Order is set forth below.

 *1. Whether any party requests an evidentiary hearing in connection with the motion for a preliminary injunction, and if so, the timing and anticipated length of such a hearing;*

Plaintiff's Position

Plaintiff is requesting an evidentiary hearing in connection with the motion for a preliminary injunction.  Plaintiff anticipates the length of the hearing to be one full day.  Plaintiff anticipates having one witness testify.

Defendant's Position

Defendant disagrees that an evidentiary hearing is necessary in light of the extensive documentary evidence already submitted, which demonstrates that Plaintiff cannot meet her burden.  Furthermore, due to the time that has elapsed since Plaintiff's cohort began Phase II in February, it would be impossible for Plaintiff to rejoin her cohort without putting patient safety at risk, further establishing that the balance of the equities favors

denial of the preliminary injunction. Defendant respectfully submits that an evidentiary hearing would not materially advance the Court's analysis and would unnecessarily expend judicial resources.  However, should the Court determine that a hearing is warranted, Defendant will participate and present three or four witnesses.  Defendant anticipates that the hearing would take one to two days.

2. *If an evidentiary hearing is requested, proposed dates for such a hearing(confirming the availability of any testifying witnesses with respect to such dates); and*

The parties have consulted with the witnesses and have not been able to identify any dates in June that work for everyone.  We respectfully request an additional day to evaluate schedules and propose dates for hearing.

3. *Whether the Court should consolidate a hearing on the preliminary injunction motion with a trial on the merits, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.*

The parties do not believe that consolidation with a trial on the merits under Rule 65(a)(2) is appropriate in this case, particularly in light of Plaintiff's intent to amend the complaint.

Thank you for your attention to this matter.

Sincerely,

s/ Daniel E. Dugan
DANIEL E. DUGAN, ESQ.

cc: Counsel for Defendant (*Via ECF)*