UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                            :

JANE DOE,                                 :
                                            :

                 Plaintiff,           :
                                            :          26-CV-01734 (JAV)

      -v-                             :
                                            :            ORDER

ICAHN SCHOOL OF MEDICINE AT MOUNT SANAI, :
                                            :

                 Defendant.        :
                                            :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On March 7, 2026, Plaintiff Jane Doe ("Doe") filed a motion for a preliminary injunction under seal.  ECF No. 7.  That same day, Doe filed a motion seeking to "seal the exhibits to Plaintiff's Declaration and the exhibits attached thereto, submitted in support of the request for a Preliminary Injunction."  ECF No. 6 ("Motion to Seal").  Doe, however, did not file a Plaintiff's Declaration with the Court until June 3, 2026.  ECF No. 38.  Accordingly, the Court construes Doe's Motion to Seal as seeking to seal the documents that were submitted contemporaneously with the Motion to Seal, namely, the documents located at ECF Nos. 7, 7-1, 7-2, 7-3, 7-4, 7-5, 7-6, 7-7, 7-8, and 7-9.  For the following reasons, the Motion to Seal is **GRANTED IN PART AND DENIED IN PART**.

The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citations omitted).  Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate.  First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . . relevant to the performance of the judicial function and useful in the judicial process."  *Id.* at 119 (citation

omitted).  Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (citation omitted).  Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records.  *Id.* at 120 (citation omitted).

To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (citation omitted).  "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness." *Id.* (citation omitted).  Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (cleaned up).

Yet the Second Circuit has held that "[m]aterials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser—but still substantial—presumption of public access" as compared to "[m]aterials submitted in connection with a motion for summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019) (citation omitted).  Accordingly, "while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.* at 50.

2

Although the Motion to Seal appropriately seeks to protect Doe's personal medical information, *see United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 244 (2d Cir. 2014) (noting that redacting "medical information identifiable to particular [persons is] especially appropriate"), it largely fails to overcome the substantial presumption of public access to judicial documents. Except for the document located at ECF No. 7-1, the remaining documents sought to be sealed "contain more than medical information.  But they have not been filed in redacted form, and there is no basis for maintaining them entirely under seal." *United States v. Amadea*, No. 23-CV-9304 (DEH), 2025 WL 81828, at *2 (S.D.N.Y. Jan. 10, 2025).  While the remaining documents contain information relating to Doe's academic record potentially implicating Doe's privacy interests, that same information is at the heart of the issues that this Court is called upon to resolve in deciding Doe's motion for a preliminary injunction.  Accordingly, the material at issue in the documents located at ECF Nos. 7, 7-2, 7-3, 7-4, 7-5, 7-6, 7-7, 7-8, and 7-9 is directly relevant to the exercise of Article III judicial power, and since it does not focus solely on Doe's medical information, it does not overcome the substantial presumption of public access.

The Motion to Seal is therefore **GRANTED IN PART AND DENIED IN PART**.  The document located at ECF No. 7-1 shall remain under seal, but Doe is **ORDERED** to file redacted versions of the documents located at ECF Nos. 7, 7-2, 7-3, 7-4, 7-5, 7-6, 7-7, and 7-8 on the public docket within one week of the date of this Order.  Doe is granted permission to redact those documents to the extent necessary to protect her identity, such as redacting her name, email, medical information, and other personally identifiable information, consistent with Rule 10.A and 10.B of the Court's Individual Rules and Practices in Civil Cases.

The Clerk of Court is directed to terminate ECF No. 6.

SO ORDERED.

Dated: June 12, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

4