UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JANE DOE,

                  Case No.:26-cv-01734

             Plaintiff,

-against-                    **PLAINTIFF'S DECLARATION**

ICAHN SCHOOL OF MEDICINE
AT MOUNT SINAI,

             Defendant.
-----------------------------------------------------X

Plaintiff Jane Doe declares as follows pursuant to 28 U.S.C. Sec. 1746:

1. I am the Plaintiff in this action. I am over eighteen years of age and competent to make this declaration. The statements contained herein are based upon my personal knowledge.

2. I submit this Declaration in support of my request for a preliminary injunction.

**Factual Background and Documented Disability**

3. I am a medical student enrolled in the doctorate program at the Icahn School of Medicine at Mount Sinai ("ISMMS").

4. ████████████████████████████████████████████
████████████████████████████████

5. ████████████████████████████████████████
███████████████████████████████████ ██
█████████████████████████████████████
█████████████████████████████████████
████████████████████████████████████
██

1

6. ████████████████████████████████████████████

████████

**Progress Through Medical School**

7. I fulfilled all Phase 1 requirements (didactic coursework) of the ISMMS Program, except for Cardiology.

6. My academic difficulties arose during remediation processes in Hematology and Cardiology and were not the result of lack of aptitude or effort.

7. During these remediation periods, my disability-related executive functioning impairments significantly affected my ability to independently structure complex academic material without guidance.

8. As a result, I requested targeted, guided remediation as a reasonable accommodation consistent with my documented learning profile.

9. That request was denied on the basis that such support would constitute a "fundamental alteration." (January 21, 2026 Disability Services Denial Letter attached hereto as "Exhibit 2' and Hematology Remediation Accommodation Denial dated January 22, 2026 attached hereto as "Exhibit 3")

10. However, during a Renal remediation, I was provided targeted support, including specific feedback identifying knowledge deficits, faculty meetings before and after quizzes, and a narrower assessment addressing defined gaps.

11. Under those structured conditions, I completed the remediation successfully within approximately one month and earned a passing score of 77.

12. When structured support was later introduced in Hematology, I passed the remediation after prior unsuccessful attempts, demonstrating that targeted structure materially improves my academic performance.

13. In contrast, Cardiology remediation provided only an overbroad topic list, limited faculty interaction, and no targeted feedback keyed to demonstrated deficiencies.

14. I scored 58% on the Cardiology remediation examination, seven percentage points below the required passing score of 65%.

**Denial of Accommodations and Placement on Academic Probation**

16. On December 22, 2025, while my accommodation concerns were pending, I was placed on Academic Probation.   (Promotions Committee Decision attached hereto as "Exhibit 4")

17. I continued to pursue accommodations while simultaneously completing remediation requirements, without any adjustment of deadlines.

18. On January 17, 2026, I was informed that accommodations would not be provided based on a determination that I had a "global knowledge deficit."   (Attached hereto as "Exhibit 5")

19. On February 12, 2026, the Promotions Committee required that I repeat Phase 1 (with previous grades remaining on the transcript) and placed me on Administrative Leave of Absence..(Attached hereto as "Exhibit 6")

20. I appealed both decisions. (Disability Rights of NY Appeal Letter, dated February 13, 2026 attached hereto as "Exhibit 7")"

21. On February 26, 2026, the decisions were upheld.   The final decision issued required that I repeat the entirety of Phase 1 and my placement on Administrative Leave of Absence.   (Final Determination attached hereto as "Exhibit 8")

22. I have exhausted all internal remedies.

**Irreparable Harm**

23. Requiring me to repeat Phase 1 imposes immediate and severe academic, professional, financial, and reputational harm.

22. Forced repetition delays my medical education by two years and separates me from my class cohort.   Specifically my cohort (Class of 2028) began Phase 2 orientation on February 17, 2026 and began the clerkships/clinical rotations (Rotation 1) on February 23, 2026.   Rotation 2 is scheduled to begin on April 13, 2026, and thus absent the injunctive emergency relief requested, of immediate expungement of the probation and reinstatement, further delay may render the final determination as academic.   (Academic Calendar attached hereto as "Exhibit 9")

23. This delay affects residency timelines, career trajectory, and professional advancement in ways that cannot be fully compensated by monetary damages.

24. Medical training is sequential and time-sensitive; interruption at this stage alters the course of my professional development permanently.

25. Being required to repeat eighteen months of coursework due to the denial of disability-related accommodations inflicts ongoing stigma and reputational harm within a highly competitive professional field. This is particularly impactful as I intend to pursue neurosurgery, which is a very competitive specialty.

26. Additionally, as part of my accommodations, I reside in campus housing, in a medical single, at a reduced rate.   (Accommodation Letter at Ex. 11).   On March 5, 2026, I was given notice that based on the forced Administrative Leave of Absence, I was given until March 19, 2026, to vacate

my housing, with a signed vacate notice due to the school's Real Estate Division due by March 12, 2026.   (Exhibit 12)

27. These harms are ongoing and will continue absent injunctive relief.

28. Targeted remediation has already been demonstrated to be feasible and effective within the same academic program.

29. The structured Renal remediation and structured Hematology support show that accommodation does not fundamentally alter academic standards.

30. I am not requesting elimination of standards or advancement without demonstrating competency.

31. I am requesting the opportunity to complete Cardiology remediation with structured, targeted support consistent with my documented disability-related needs.

32. Granting preliminary relief would preserve the status quo by allowing me to continue progressing while this Court adjudicates the merits.

33. Denying relief forces me to repeat Phase 1 before the legality of the accommodation denial is resolved.

34. Permitting structured remediation imposes minimal burden on the institution, whereas repetition imposes substantial and irreparable harm on me.

35. I am also requesting that this Declaration and supporting exhibits remained sealed due to the sensitive medical and academic information that I have disclosed herein.

THE FOREGOING STATEMENT IS TRUE AND CORRECT UNDER THE PENALTIES OF PERJURY THIS 5th DAY OF MARCH 2026.

