# Exhibit 8



**Eric J. Nestler, M.D., Ph.D.**
Anne and Joel Ehrenkranz Dean
Icahn School of Medicine at Mount Sinai
Chief Scientific Officer & Executive Vice President,
Mount Sinai Health System
Professor of Neuroscience & Psychiatry

One Gustave L. Levy Place
Box 1217
New York, NY 10029-6574

Tel: (212) 659-5656
Email: eric.nestler@mssm.edu

February 26, 2026

████████████████████

Icahn School of Medicine at Mount Sinai
New York, New York 10029

Dear ████,

I am writing to inform you that I have decided to uphold the Promotions Committee's February 12, 2026 decision requiring repetition of Phase 1 and placing you on Administrative Leave of Absence. You previously appealed the Promotions Committee's December 22, 2025 decision to place you on Academic Probation, so I will not revisit that prior appeal, which I heard and decided several weeks ago.

Your appeal of the February 12th decision is focused on whether appropriate disability-related accommodations were provided in connection with the School's Cardiology remediation plan. Throughout your time at ISMMS, you have been provided with robust accommodations through the School's Student Disability Services Office, including additional time on examinations, distraction-reduced test environment, assessment rescheduling, and assignment extensions.

You reached out to the Student Disability Services Officer on December 8, 2025, to discuss additional disability-related accommodations. You had extensive discussions with the Disability Officer, both in writing and at a meeting, concerning specific new accommodations that you were requesting, engaging in a thorough interactive process. On January 6, 2026, after meeting with the Disability Officer, you wrote to her with a formal request concerning new accommodations that focused exclusively on the remediation plan for the Hematology course. On January 21, 2026, she responded to your new Hematology remediation plan accommodation requests. After a careful assessment, the Disability Officer determined that your requested adjustments to the Hematology remediation plan would result in a fundamental alteration of the program and the requests were not necessary to address a disability-related access barrier. The Disability Officer provided you with the information to appeal that decision, which required writing to the Associate Dean for Enrollment Services no later than 10 days after the decision was communicated. You did not make any requests for new accommodations with respect to the Cardiology remediation plan, and you did not appeal the Disability Officer's January 21, 2026 decision. Accommodation requests cannot be made retroactively, after exams are administered.

The School has a thorough process concerning disability-related accommodations. I find that the School followed its disability-accommodation processes and adhered to its policies, and the Promotions Committee's February 12, 2026 decision was reasonable.

While the above facts alone support denial of your appeal, a separate and independent reason is that the requests you are now making for the first time concerning the Cardiology remediation plan – after having failed to successfully remediate – are not aligned with the School's policies. You repeatedly compare your remediation plan in Cardiology to your remediation plan in Renal. The remediation plan in Renal was an academic and curricular decision made by faculty based on your limited specific deficiencies in that course – it was not based on any disability-related accommodation. In Renal, you had passed the end-of-module examination and passed one of the three quizzes, which made a more targeted remediation plan academically appropriate. The remediation plan in Cardiology was based on your more overarching deficiencies in that course. In Cardiology, you failed all four of your quizzes, and you had an end-of-module examination score of 38%. Given your serious deficiencies across the Cardiology module, the curricular team determined that the appropriate remediation plan in Cardiology involved a

comprehensive retest, together with numerous supports, including guidance from a learning specialist, peer tutoring and meetings with your module instructor. Despite having been given these fulsome supports, you failed the remediation retest.

The School's policies require completion of all Phase 1 modules before advancement to Phase 2 clinical training. The Promotions Committee made the reasonable determination that there was insufficient time to re-remediate Cardiology before Phase 2, in which students advance to the patient-care setting, as remediation is not simply a re-test, but rather a plan developed to provide a student with the necessary tools to master a subject in the context of the broader knowledge required of a physician. This was a pedagogical determination made after serious consideration. The School's determinations are not punitive, but rather are designed to support each student and assure mastery of the foundational sciences before moving on to clinical care of patients during Phase 2.

Sincerely,

Eric J. Nestler, M.D., Ph.D.