**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------------------------------------x

**JANE DOE,**

**Plaintiff,**

**-against-**                                              **No.: 1:26-cv-01734-JAV**

**ICAHN SCHOOL OF MEDICINE AT**
**MOUNT SINAI**

**Defendant.**

----------------------------------------------------------------------------------------------------x

## DECLARATION OF SUSAN D. FRIEDFEL
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
## AMENDED COMPLAINT

I, SUSAN D. FRIEDFEL, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1.      I am a Principal with Jackson Lewis P.C., attorneys of record for Defendant Icahn School of Medicine at Mount Sinai ("ISMMS" or the "School") in the above-referenced matter.

2.      I am fully familiar with the facts and circumstances herein and submit this Declaration in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

3.      Attached hereto as **Exhibit A** is a correct copy of the ISMMS Medical Student Handbook, believed to be the policies incorporated by reference in Plaintiff's Amended Complaint at Paragraphs 2, 36, 71, and 89.  In those paragraphs, Plaintiff alleges that ISMMS failed to follow its academic and remediation policies by denying her request for targeted remediation, requiring her to repeat coursework, and applying remediation requirements in a manner she contends was inconsistent and unfair.

4.      Attached hereto as **Exhibit B** is a correct copy of the ISMMS Student Disability Services ("DS") Policies, believed to be the policies and processes incorporated by reference in Plaintiff's Amended Complaint at Paragraphs 38, 39, 42, 43, 46, and 50.  In those paragraphs, Plaintiff alleges that she submitted accommodation requests to DS and that DS improperly denied her requested accommodations.

5.      Attached hereto as **Exhibit C** is a correct copy of the Renal Remediation Plan provided to Plaintiff on November 24, 2025, believed to be the remediation plan incorporated by reference in Plaintiff's Amended Complaint at Paragraphs 18, 44, and 61.  In those paragraphs, Plaintiff alleges that Renal remediation was structured, targeted, and guided, and that she successfully completed that remediation under those conditions.

6.      Attached hereto as **Exhibit D** is a correct copy of the correspondence between Plaintiff and ISMMS in which faculty characterized Plaintiff's Cardiology performance as reflecting "global" deficiencies, believed to be the correspondence discussing "global" deficiencies incorporated by reference in Plaintiff's Amended Complaint at Paragraphs 27, 46, and 88.  In those paragraphs, Plaintiff alleges that ISMMS characterized her deficiencies in Cardiology and Hematology as "global" and relied on that characterization to deny her request for a targeted remediation assessment.

7.      Attached hereto as **Exhibit E** is a correct copy of the Hematology and Cardiology Remediation Plans provided to Plaintiff on December 8, 2025, believed to be the remediation plans incorporated by reference in Plaintiff's Amended Complaint at Paragraphs 21, 25, 34, and 46.  In those paragraphs, Plaintiff alleges that she initially received no specific feedback to assist with Hematology remediation and that the Cardiology remediation plan she received was overly broad and insufficiently targeted.

2

8.      Attached hereto as **Exhibit F** is a correct copy of Plaintiff's December 8, 2025 remediation request seeking modifications to the Hematology remediation structure, believed to be Plaintiff's request incorporated by reference in Plaintiff's Amended Complaint at Paragraphs 16 and 33.  In those paragraphs, Plaintiff alleges that she requested targeted remediation based on her ADHD and learning profile, and that Academic Probation was imposed before she received a response to that request.

9.      Attached hereto as **Exhibit G** is a correct copy of Plaintiff's December 8, 2025 remediation request and the School's response determining that the requested modifications would constitute a fundamental alteration, as well as Plaintiff's January 6, 2026 follow-up request, incorporated by reference in Plaintiff's Amended Complaint at Paragraphs 16, 17, 39, 40, and 73. In those paragraphs, Plaintiff alleges that she requested targeted remediation as an accommodation related to her ADHD and learning profile and that ISMMS denied the request on the ground that it would constitute a fundamental alteration.

10.      Attached hereto as **Exhibit H** is a correct copy of Plaintiff's communications to the Promotions Committee, as well as communications reflecting the December 15, 2025 Promotions Committee meeting, believed to be the correspondence incorporated by reference in Plaintiff's Amended Complaint at Paragraphs 35 and 36.  In those paragraphs, Plaintiff alleges that she raised concerns during and after the December 15, 2025 Promotions Committee meeting regarding the structure of her remediation, her accommodation requests, and perceived policy violations.

11.      Attached hereto as **Exhibit I** is a correct copy of the Promotions Committee's December 22, 2025 decision placing Plaintiff on Academic Probation, which is incorporated by reference in Plaintiff's Complaint at Paragraph 29 ("On December 22, 2025, the

3

Promotions Committee imposed Academic Probation") and which Plaintiff attached to her Declaration as Plaintiff's Exhibit 4, with Plaintiff's name redacted.

12. Attached hereto as **Exhibit J** is a correct copy of Plaintiff's December 23, 2025 appeal of the Promotions Committee's December 22, 2025 decision, believed to be the appeal incorporated by reference in Plaintiff's Amended Complaint at Paragraph 52. In that paragraph, Plaintiff alleges that she appealed both the December 22, 2025 Academic Probation determination and the February 12, 2026 decision requiring her to repeat Phase 1.

13. Attached hereto as **Exhibit K** is a correct copy of the January 17, 2026 decision by Dean Nestler affirming the Promotions Committee's decision, believed to be incorporated by reference in Plaintiff's Complaint Paragraph 37 ("Defendant informed Plaintiff on January 27, 3036 that accommodations would not be provided, citing a determination of a global knowledge deficit") and which Plaintiff attached to her Declaration as Plaintiff's Exhibit 5, with Plaintiff's name redacted.

14. Attached hereto as **Exhibit L** is a correct copy of the Hematology Remediation Plan issued to Plaintiff on January 20, 2026, believed to be the feedback Plaintiff received incorporated by reference in Plaintiff's Amended Complaint at Paragraph 25. In that paragraph, Plaintiff alleges that she initially lacked specific feedback regarding Hematology remediation and later received additional guidance.

15. Attached hereto as **Exhibit M** is a correct copy of Plaintiff's Cardiology remediation exam results reflecting a score of 58%, which is incorporated by reference in Plaintiff's Complaint at Paragraph 30 and which Plaintiff attached to her Declaration as Plaintiff's Exhibit 3, with Plaintiff's name redacted.

16.     Attached hereto as **Exhibit N** is a correct copy of the January 21, 2026 determination denying Plaintiff's Hematology accommodation request, which is incorporated by reference in Plaintiff's Amended Complaint at Paragraph 36 and which Plaintiff attached to her Declaration as Plaintiff's Exhibit 2, with Plaintiff's name redacted.

17.     Attached hereto as **Exhibit O** is a correct copy of the February 12, 2026 Promotions Committee letter notifying Plaintiff that she would be placed on Administrative Leave of Absence, believed to be the decision incorporated by reference in Plaintiff's Amended Complaint at Paragraph 51. ("On February 12, 2026, the Promotions Committee made the decision to force Plaintiff's repetition of Phase 1 and placing Plaintiff on Administrative Leave of Absence.")

18.     Attached hereto as **Exhibit P** is a correct copy of Plaintiff's appeal of the Promotions Committee's decision implementing Administrative Leave of Absence, believed to be the appeal incorporated by reference in Plaintiff's Amended Complaint at Paragraph 52.  In that paragraph, Plaintiff alleges that she appealed the February 12, 2026 decision as well as the earlier Academic Probation determination.

19.     Attached hereto as **Exhibit Q** is a correct copy of Dean Nestler's February 26, 2026 final determination upholding the Promotions Committee's decision, which is incorporated by reference in Plaintiff's Complaint Paragraph 47 and which Plaintiff attached to her Declaration as Plaintiff's Exhibit 8, with Plaintiff's name redacted.

20.     Attached hereto as **Exhibit R** is a correct copy of Plaintiff's audio recording of the December 1, 2025 meeting with the Office of Curricular Affairs, which is incorporated by reference in Plaintiff's Amended Complaint at Paragraphs 24 ("Plaintiff met with the Office of Curricular Affairs (OCA) on December 1, 2025, and explicitly requested that the discussions

5

regarding Hematology should apply to Cardiology. Plaintiff's requests for changes to remediation were dismissed by the committee. This meeting was recorded on a speech-to-text app with their consent, and the transcript was provided to them afterward. There is a consensual audio recording of this meeting that verifies these statements") and which Plaintiff attached to her Supplemental Declaration as Plaintiff's Audio 1. Because the audio file is too large to be uploaded to ECF, a copy of the audio recording has been sent via electronic mail to the Court in accordance with Your Honor's Individual Rules.

21. Attached hereto as **Exhibit S** is a correct copy of the Amended Complaint filed by Plaintiff with the United States District Court for the Southern District of New York on May 29, 2026, that is the subject of this motion.

I declare, under penalty of perjury that the foregoing is true and correct. Executed on the 22nd day of June 2026 in White Plains, New York.

By: _____
Susan D. Friedfel, Esq.