UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :
JANE DOE,                                                     :
                                                              :
                              Plaintiff,                      :
                                                              :              26-CV-01734 (JAV)
              -v-                                             :
                                                              :              OPINION AND ORDER
ICAHN SCHOOL OF MEDICINE AT MOUNT                             :
SINAI,                                                        :
                                                              :
                              Defendant.                      :
                                                              :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Before the Court is a motion by Plaintiff Jane Doe ("Plaintiff") to proceed

anonymously by pseudonym.  ECF No. 40 (the "Motion").  Defendant Icahn School of

Medicine at Mount Sinai ("ISMMS") takes no position on this motion.  ECF No. 43.

Considering the factors set forth in the Second Circuit's balancing test for a

movant's request to proceed by pseudonym, the Court holds that Plaintiff's privacy

interest in this case does not outweigh the presumption of openness in court

proceedings, the public interest, and the potential prejudice to Defendant were

Plaintiff to proceed anonymously.  For the following reasons, the Motion is

**DENIED**.

## BACKGROUND

Plaintiff is a medical student currently enrolled in the Doctor of Medicine

program at ISMMS.  ECF No. 40-1 ("Pl. Decl."), ¶ 4.  She has been diagnosed with

Attention Deficit Hyperactivity Disorder ("ADHD") and has a documented history of

temporal lobe epilepsy and migraines.  ECF No. 7-1 at 1, 5.  Plaintiff applied for and received multiple accommodations for her disabilities at ISMMS.  ECF No. 17, ¶¶ 7-15.  Nonetheless, she has experienced academic difficulties and was consequently placed on Academic Probation and an Administrative Leave of Absence by the ISMMS Promotions Committee.  ECF No. 15, ¶¶ 7, 14.  After exhausting internal appeals for these decisions, ECF No. 38, ¶¶ 16-22, Plaintiff filed the instant case.  She alleges that Defendant discriminated against her based on her disability in violation of the Americans with Disabilities Act, the Rehabilitation Act, the New York City Human Rights Law, and the New York State Human Rights Law.  ECF No. 36, ¶¶ 8, 56-105.

On June 8, 2026, Plaintiff filed a motion to proceed anonymously, given that "[b]oth parties have filed declarations and exhibits . . . that are either medical records themselves or contain discussion of confidential medical information," Pl. Decl., ¶ 6.

## LEGAL STANDARDS

Under Rule 10(a) of the Federal Rules of Civil Procedure, a "complaint must name all the parties."  Fed. R. Civ. P. 10(a).  This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008).  A district court has discretion to grant an exception to the "general requirement of disclosure [of the names of parties]" to allow a party to proceed under a pseudonym.  *Id.* at 189 (alteration in original).

2

The Second Circuit sets forth a "non-exhaustive" list of ten factors that a district court should consider when ruling on a motion to proceed anonymously. *Id.* at 189-90. Under *Sealed Plaintiff*, the factors are:

(1)     whether the litigation involves matters that are highly sensitive and of a personal nature;

(2)     whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or[,] even more critically, to innocent non-parties;

(3)     whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4)     whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;

(5)     whether the suit is challenging the actions of the government or that of private parties;

(6)     whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7)     whether the plaintiff's identity has thus far been kept confidential;

(8)     whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9)     whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10)    whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* (cleaned up). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).

## DISCUSSION

In support of the Motion, Plaintiff argues that she would suffer professional and reputational harms if her name is disclosed in association with her medical and academic records. ECF No. 40-2 ("Pl. Mem. of Law") at 6-7. After giving due consideration to the *Sealed Plaintiff* factors, the Court concludes that the harms Plaintiff may face as a result of disclosure are outweighed by the public interest in access to judicial proceedings and do not warrant blanket anonymity. *See Sealed Plaintiff*, 537 F.3d at 191 n.4 ("[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.").

As to the first *Sealed Plaintiff* factor—which assesses whether the litigation involves matters that are highly sensitive and of a personal nature—although Plaintiff's "diagnoses of ADHD and temporal lobe epilepsy," Pl. Mem. of Law at 6, are undoubtedly serious and personal, they do not meet the "highly sensitive" bar necessary to outweigh the presumption of openness. Courts in this Circuit recognize that medical "conditions that carry significant social stigma," such as sexually-transmitted diseases and severe psychiatric illnesses, are highly sensitive. *Doe v. Hirect One, Inc.*, No. 22-CV-6417 (RA), 2022 WL 3903597, at *2 (S.D.N.Y. Aug. 30, 2022); *see, e.g., Doe v. 2001 Arthur LLC*, No. 24-CV-9542 (RA), 2026 WL

237513 at *3 (S.D.N.Y. Jan. 29, 2026) (noting that HIV-positive status is highly sensitive); *Doe v. Wesleyan Univ.*, No. 19-CV-01519 (JBA), 2020 WL 13564635, at *3 (D. Conn. Sep. 15, 2020) ("Federal courts in this Circuit . . . hold that severe psychiatric illnesses, including those associated with suicide and self-harm, are subject to substantial societal stigma[.]").  Absent a showing of heightened stigma, however, courts in this District routinely deny motions seeking blanket anonymity based on disclosure of disabilities like ADHD.  *Doe v. Black Diamond Cap. Mgmt. LLC*, No. 22-CV-03194 (PGG) (BCM), 2023 WL 2648017, at *4 (S.D.N.Y. Mar. 27, 2023) ("Disability is not typically considered 'highly sensitive[.]'") (collecting cases); *see also Rives v. SUNY Downstate Coll. of Med.*, No. 20-CV-621 (RPK) (SMG), 2020 WL 4481641, at *2 (E.D.N.Y. Aug. 4, 2020) (holding that the plaintiff's disability discrimination claims associated with his ADHD and depression are "not so sensitive and personal as to justify . . . a pseudonymous suit"); *Hirect One*, 2022 WL 3903597, at *2 (noting that the plaintiff's disabilities are "undoubtedly serious" but not "similarly associated with social stigma"); *Vega v. HSBC Sec. (USA) Inc.*, No. 16-CV-9424 (JGK) (KNF), 2019 WL 2357581, at *2 (S.D.N.Y. June 4, 2019) (holding that the plaintiff's major depressive disorder and attention deficit disorder diagnoses are not "highly sensitive").  The first factor thus counsels against anonymity.

The second and third factors—which assess the harm that would occur from disclosure of Plaintiff's identity—likewise militate against anonymity.  "The relevant inquiry is whether disclosure of the plaintiff's name in the course of the

lawsuit would uniquely cause harm and how grave the resultant harm would prove to be." *Haggai v. Kiswani*, No. 25-CV-2400 (JAV), 2025 WL 1136417, at *3 (S.D.N.Y. Apr. 17, 2025) (cleaned up).  Plaintiff argues that public association of her name with "academic difficulties, disability diagnoses, and accommodation disputes would create a substantial risk of stigma and reputational harm" in her professional future.  Pl. Mem. of Law at 6.  Courts have held such contentions of professional and reputational harm are too "speculative in nature" to justify anonymity. *Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014) (summary order); *see, e.g.*, *Vega*, 2019 WL 2357581, at *2; *Doe v. Unum Life Ins. Co. of Am.*, No. 12-CV-9327 (LAK), 2013 WL 12619067, at *1 (S.D.N.Y. Feb. 15, 2013).  Even if Plaintiff could corroborate specific professional repercussions, "[e]vidence of embarrassment, social stigmatization, and economic harm are insufficient to proceed anonymously." *Doe v. Townes*, No. 19-CV-8034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020); *accord Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14-CV-5601 (HBP), 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) (collecting cases).

Factors four and five—concerning whether a plaintiff is particularly vulnerable to the harms of disclosure due to her age and whether the suit challenges government or private action, respectively—neither weigh in favor of nor against anonymity here.  *See Sealed Plaintiff*, 537 F.3d at 190.  Anonymity is more readily granted when plaintiffs are minors and when the suit involves the government.  *Townes*, 2020 WL 2395159, at *5.  Here, Plaintiff was an adult at all

6

times relevant to the alleged discrimination, and Defendant is a private party. Accordingly, these factors are neutral.

Factor six favors disclosure, as Defendant would be prejudiced by Plaintiff's anonymity in this action. "[F]undamental fairness suggests that defendants are prejudiced when required to defend themselves publicly before a jury while plaintiffs make accusations from behind a cloak of anonymity." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 531-32 (S.D.N.Y 2021) (cleaned up). By allowing Plaintiff to remain anonymous, "information about only one side may thus come to light," prejudicing Defendant and hindering "the judicial interest in accurate fact-finding and fair adjudication." *Id.* at 531 (cleaned up).

Factor seven, the confidentiality of Plaintiff's identity thus far, likewise weighs against anonymity. Given that Defendant has been aware of Plaintiff's identity throughout the litigation, Pl. Mem. of Law at 7, and that Plaintiff has failed to "[corroborate] the alleged risk of harm and retaliation from [disclosure to] the general public," *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 408 (S.D.N.Y. 2019), this factor disfavors anonymity.

The public's interest in this action, assessed in the eighth and ninth factors, is significant and outweighs Plaintiff's privacy interest. When issues presented are "purely legal" in nature, public interest in knowing the parties' identities is "atypically weak." *Sealed Plaintiff*, 537 F.3d at 190. By contrast, "where individual defendants are sued . . . with regard to particular actions and incidents," as Defendant is here, "open proceedings . . . serve the judicial interest in accurate fact-

7

finding and fair adjudication" and "further the public's interest in enforcing legal and social norms." *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015) (cleaned up), *aff'd*, 672 F. App'x 48 (2d Cir. 2016) (summary order).  Moreover, "the public interest in . . . discrimination is very high." *Skyline Autos.*, 375 F. Supp. 3d at 408.  Accordingly, the eighth and ninth factors favor disclosure.

Finally, the tenth factor, which considers alternative means to protect privacy interests, also weighs against anonymity.  "[H]arms caused by disclosure can typically be avoided through less drastic remedies than blanket anonymity." *A.C. v. United Healthcare*, No. 26-CV-03160 (JLR), 2026 WL 1243329 at *4, (S.D.N.Y. May 6, 2026) (cleaned up).  Other mechanisms are at Plaintiff's disposal to protect her privacy interest—she may file a protective order to "protect against disclosure of that information of the most personal and intimate nature," *Doe v. Combs*, No. 24-CV-7777 (LJL), 2025 WL 722790, at *4 (S.D.N.Y. Mar. 6, 2025) (cleaned up), or she may move to seal certain information as she has previously done, *see* ECF No. 41 (granting in part and denying in part Plaintiff's motion to seal).

Altogether, Plaintiff's privacy interest in this case does not outweigh the presumption of openness in court proceedings, the public interest, and the potential prejudice to Defendant if Plaintiff proceeds anonymously.

## CONCLUSION

Accordingly, the Motion is **DENIED**.  Plaintiff is directed to file an amended complaint containing her name within ten days of the date of this Opinion and

Order.  The Clerk of Court is directed to terminate ECF No. 40.

    SO ORDERED.

Dated:  July 6, 2026
        New York, New York

                              JEANNETTE A. VARGAS
                              United States District Judge

9